### CHANEY v CAHILL et

Ohio Appeals, 1st Dist, Clinton Co

No 88.   Decided Jan 26, 1931

MIDDLETON, J, sitting in place of Cushing.

Todd, Cockrell, Cooper & Rogers for plaintiff.

Eldon L. Hayes, Wilmington and James N. Linton, Columbus, for defendants.

HAMILTON, J.

The question is:—Has the plaintiff met the required quantum of proof to entitle him to have the deed and contract set aside in a court of equity?

The rule is, that fraud sufficient to set aside a deed solemnly executed must be clear and convincing.

The major part of the evidence submitted is testimony of the respective values of the properties exchanged.

Chaney was the owner of several tracts of farm land in Clinton County, Ohio, one of which was a 200 acre tract near Sabina, and which is the subject of this litigation. He was a man 51 years of age and resided on the farm with his wife. He had always principally engaged in farming, although interested to some extent in horse racing.

Mrs. Cahill, one of the defendants, was the owner of business property in the City of Columbus, Ohio, which was a brick business property with five store-rooms. William Cahill, her husband, looked after the real estate of Mrs. Cahill, as her agent.

Frank W. Truitt was a real estate broker, with offices in Columbus, Ohio. He was a former resident of Clinton County and was acquainted with Chaney. Chaney desired to quit farming and had indicated to Truitt a desire to change his farms for city property. He had made an exchange of one tract of land prior to the transaction concerned herein, for Columbus property through Truitt.

Truitt was acquainted with Cahill and ascertained in some manner that Cahill desired to exchange the Columbus business property belonging to his wife for farm property. Truitt thereupon asked for and received a written proposition from Cahill to Chaney to exchange the Columbus property for the 200 acre farm. The contract was presented to Chaney by Truitt and it is in the record. Chaney signed the contract, accepting the proposition. He thereupon instructed Truitt to get counsel in Columbus to examine the title to the Columbus property and draw the papers, all of which was done, and later the parties met in Columbus at the office of Truitt or counsel and the deeds were exchanged and possession given.

Chaney received some rent from the

Columbus property but concluded he had been defrauded in the transaction by Truitt in misrepresenting the Cahill property as to its value, the rentals, and as to leases on the store-rooms in the property. He thereupon abandoned the property, refused to receive the rent, and brought this action to set aside the transaction. His claim is that the Columbus property was represented to him as being worth $30,000 to $35,000, when in truth and fact it was not worth over $15,000; that it was represented to him that certain business rooms were under lease, when in fact the leases were procured under pressure, for the purpose of this trade, and were not in good faith. He claims that Truitt was the agent of Cahill, making Cahill responsible for the claimed misrepresentations.

The defense is, first, that Truitt was not the agent of Cahill, but acted only as a broker to bring the parties together, or was the agent of Chaney; and, second, that no fraud was perpetrated.

Cahill testified he knew nothing about Truitt or Chaney until he was asked by Truitt for a proposition. The only representations made by Cahill were those contained in his contract proposition.

Parties as a rule in the exchange of property boost the value of their respective properties. There was much evidence offered by Cahill to show that the property at the time was well worth the price represented by Truitt; that the value has depreciated very rapidly since the exchange for which they are not responsible. Chaney offered evidence to the contrary, and witnesses testified that the Cahill property was worth only from $15,000 to $18,000.

We are of opinion that the evidence fails to show that Truitt was the agent of Cahill. He was a broker in the transaction. In fact the evidence tends strongly to show him to be the agent of Chaney. He had known Chaney for a long time, had come from the same neighborhood, and had procured the exchange of other property for Chaney. But if the evidence had shown Truitt to be the agent of Cahill, the plaintiff has failed to produce clear and convincing evidence of fraud.

While it appears that Chaney has suffered considerable property loss by reason of the trade, it is such a loss as frequently happens where parties are dealing in property with which they are unfamiliar. Chaney was a farmer and when he undertook to deal in city property he was probably out of his business element. Cahill had the right to place such value on his property as he desired. The evidence tends to support the rental value of the property at the time of the exchange. At least there were no such misrepresentations as would amount to fraud, even if Cahill had made them.

Our conclusion is, that the plaintiff has failed to produce the quantum of proof required to justify the setting aside of the contract and deed. The petition is dismissed.

ROSS and MIDDLETON, JJ, concur.